# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4219 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Microsoft Corporation vs. T & S Intl Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiff's final petition for its reasonable attorneys' fees and full costs is granted in part and denied in part. Plaintiff's bill of costs is granted in part and denied in part. Plaintiff is awarded $38,925.50 in attorneys' fees and $270.00 in costs. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 03 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) | |
| Plaintiff, | ) ) | 03 C 4219 |
| v. | ) ) | Judge John W. Darrah |
| T&S INTERNATIONAL CORPORATION, an Illinois corporation; SUNG CHOI; and DAVID YUN, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Microsoft Corporation, filed suit against Defendants, alleging copyright infringement, trademark infringement, false designation of origin, false description, false representation, and unfair competition. On August 18, 2003, this Court entered defaults on all three Defendants. On January 7, 2004, this Court entered judgment against the Defendants on all counts in the amount of $430,000.00. Presently pending before the Court is Plaintiff's Final Petition for its Reasonable Attorneys' Fees and Full Costs and Plaintiff's Bill of Costs. Defendants have not filed any objections to the petition or bill of costs.

The Copyright Act provides that the prevailing party may be awarded recovery of costs, including attorney's fees. 17 U.S.C. § 505. Whether to award fees is left to the court's discretion. *See Gonzales v. Transfer Tech., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002).

The Lanham Act also allows the court to award fees in "exceptional" cases. 15 U.S.C. § 1117(a). Exceptional cases include cases in which the acts of infringement are malicious,

deliberate, fraudulent, or willful. *See BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994).

Here, Plaintiff was the prevailing party. Furthermore, Plaintiff alleged, and it is now deemed admitted, that Defendants' actions were willful and deliberate. Accordingly, attorneys' fees may be awarded under either 17 U.S.C. §§ 505 or 1117(a).

Plaintiff seeks attorneys' fees totaling $38,925.50. These attorneys' fees include 15.7 hours of work by Keith Medansky, a partner at Piper Rudnick LLP, at the rate of $450.00 per hour; 48.8 hours of work by Alan Dalinka, a partner at Piper Rudnick LLP, at the rate of $375.00 per hour; and 51.7 hours of work by Gina Durham, an associate at Piper Rudnick LLP, at the rate of $265.00 per hour. Plaintiff submitted attorney billing records that reflect the actual amount of time expended by each attorney on behalf of Plaintiff in connection with this action. Medansky avers that the rates charged by the attorneys are reasonable and appropriate to other attorneys in the Chicago area of similar experience and expertise.

Based on the documentation submitted with the present petition and sworn declaration, as well as the other pleadings that have been filed in the present lawsuit, particularly when considered in light of the complexity of the case, the hours expended by each attorney and the hourly rate charged are found to be reasonable. Accordingly, attorneys' fees in the amount of $38,925.50 are awarded.

Plaintiff also seeks costs totaling $315.07 pursuant to Sections 505 and 1117(a). Plaintiff relies upon the same billing records that recorded each attorney's work on the lawsuit. The billing records include charges for delivery, research, duplicating, travel, etc. However, the total of these charges is greater than the $315.07 sought by Plaintiff; and the Plaintiff fails to indicate which

2

expenses included in the billing invoices it seeks to recover. Accordingly, these costs are denied. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998) (charges that are not discernable from the supporting documentation are not allowed); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000) (same).

Plaintiff also seeks a total of $408.50 in costs in its Bill of Costs. These costs include the $150.00 filing fee and $258.50 in fees for service of three summons. The $150.00 filing is recoverable and is awarded. The invoices included for the service fees indicate "rush" service on Choi and Yun at $100.00 per individual. The other invoice indicates a fee for service at the charge of $50.00 and an "advanced fee" of $8.50.

Prevailing parties may recover service costs that do not exceed the Marshal's Service's fees regardless of who effected service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's Service charges $40.00 per hour for the first two hours and $20.00 for every hour thereafter. *Johnson v. City of Elgin*, 2002 WL 171971 (N.D. Ill. Feb. 1, 2002).

Plaintiff has provided documentation demonstrating fees related to service of summons. However, Plaintiff provides no justification for rush service; and it fails to explain the $8.50 advance fee. Accordingly, the Court will award the minimum charged by the Marshal's service, $40.00. Therefore, Plaintiff is awarded $120.00 ($40.00 X 3) for the cost of fees for the service of summons.

For the forgoing reasons, Plaintiff's Final Petition for Its Reasonable Attorneys' Fees and Full Costs is granted in part and denied in part. Plaintiff's Bill of Costs is granted in part and denied in part. Plaintiff is awarded $38,925.50 in attorneys' fees and $270.00 in costs.

Dated: March 2, 2004

JOHN W. DARRAH
United States District Judge

3